David L. SPEARS, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. 5226.

United States District Court
E. D. Oklahoma.

Aug. 2, 1963.

Omar Luellen, Hinton, Okl., James E. Grigsby, Oklahoma City, Okl., for plaintiff.

Edwin Langley, Muskogee, Okl., for defendant.

DAUGHERTY, District Judge.

This is a civil action brought by the plaintiff, David L. Spears, for his personal injuries and death of his wife against the defendant, the United States of America, under the provisions of the Federal Tort Claims Act, Title 28 United States Code §§ 1346(b) and 2674.

On November 15, 1960, the defendant, the United States of America and the State of Oklahoma entered into a written contract (Plaintiff's Exhibit 19) for the relocation of certain portions of Oklahoma State Highways No. 9 and No. 9 Alternate, which interfered with the development of the Eufaula dam and reservoir being constructed by the United States pursuant to an Act of Congress.

Under the provisions of the contract which are pertinent to the issues here involved, the State of Oklahoma obligated itself to close the Canadian River section of Oklahoma State Highway No. 9 and to maintain a portion of existing Oklahoma State Highway No. 9 Alternate for use as a satisfactory detour for Oklahoma State Highway 9 which was closed. Further upon completion of the relocation work by the United States, the State of Oklahoma agreed to convey to to the United States those portions of Highways 9 and 9 Alternate which would be inundated by water from the reservoir. The United States was obligated under the contract to convey to the State of Oklahoma its rights of way obtained in connection with the relocated portions of State Highways No. 9 and 9 Alternate, and further at no cost to the State of Oklahoma to place 600 tons of crushed rock per mile to the existing surface of that four mile part of Oklahoma State Highway 9 Alternate to be used as a detour and to stock-pile 2500 tons of crushed rock near Oklahoma State Highway 9 Alternate for use by the State of Oklahoma in maintaining said Oklahoma State Highway No. 9 Alternate as a detour.

Thus the purpose of said agreement is to enable the United States of America to acquire those portions of Oklahoma State Highways 9 and 9 Alternate which will be flooded by the waters of the reservoir and to provide the State of Oklahoma with proper substitute facilities in place of the flooded portions of Oklahoma State Highways 9 and 9 Alternate, and for the State of Oklahoma to provide a suitable detour for Oklahoma State Highway 9 during the period of construction.

Conforming to said agreement the defendant through an independent contractor caused the crushed rock to be spread on the four miles of detour and stock-piled the 2500 tons of crushed rock for subsequent use by the State of Oklahoma. This spreading of crushed rock and stock-piling of crushed rock was begun on October 29, 1960, and completed by the defendant on November 13, 1960.

After the date of November 13, 1960, the United States furnished no materials or work or supervision and had nothing further to do with the maintenance or control of Oklahoma State Highway 9 Alternate, which was in use as a detour. On or about January 15, 1961, Oklahoma State Highway 9 was closed for public use by the State of Oklahoma and all traffic by the public was routed over a portion of Oklahoma State Highway 9 Alternate for a considerable period of time, including the date of the accident involved herein. The State of Oklahoma barricaded Oklahoma State Highway 9 when the same was closed and erected the signs designating Oklahoma State Highway 9 Alternate as such and as a detour.

The defendant began construction work on relocating Highways 9 and 9 Alternate shortly after Highway 9 was closed and as of the date of trial herein such work had not been fully completed and there had not been a transfer or exchange of rights of way between the United States and the State of Oklahoma pursuant to the provisions of the aforementioned agreement.

Oklahoma State Highway 9 Alternate when put in use as a detour with increased traffic, became dusty at times. Such dusty condition was detrimental to traffic and required cautious driving.

On March 10, 1961, the plaintiff herein, David R. Spears, was severely injured and his wife, Imogene Spears, was killed as a result of an automobile accident on said Oklahoma State Highway 9 Alternate detour which occurred when the automobile in which the said plaintiff and his wife were riding, collided head-on with an automobile approaching from the opposite direction. The plaintiff and his wife were riding as passengers in a car driven by the plaintiff's son in an easterly direction on said detour. The car in which the plaintiff was riding entered the detour on said date and proceeded a distance of approximately two miles along the road before the collision occurred at a point described as one-quarter mile east of the Gaines Creek.

bridge. The other car involved in the collision was being driven in a westerly direction. From the evidence it appears that the car in which the plaintiff was riding was following a station wagon and that both of said vehicles passed a third vehicle which was traveling on said detour in the same direction. The plaintiff's car was traveling in a cloud of dust raised by the station wagon. As the plaintiff's car was in the act of passing the third car and traveling in a cloud of dust it collided head-on with the car traveling in the opposite direction, which collision occurred in the lane of traffic of said car moving in a westerly direction. As a result of the accident the wife of plaintiff was killed and the plaintiff suffered substantial and permanent personal injuries.

In bringing this suit the plaintiff asserts liability on the part of the defendant, United States of America, under alternate theories of the State of Oklahoma being an agent of the defendant, the State of Oklahoma and the defendant being engaged in a joint venture, the location of the accident being on land of which the defendant was the equitable owner and soon entitled to be the legal owner, and that the road where the accident occurred being what is known as an access road under the provisions of Title 33 United States Code § 701r–1(b).

After the trial, plaintiff makes the additional assertion of liability on the part of the defendant on the grounds that the State of Oklahoma was acting as an independent contractor of the United States in the maintenance of the detour and that said detour was improperly maintained so as to constitute a nuisance for which the United States was liable for failing to remedy the same after having knowledge of said nuisance and the same being in violation of the statutes of the State of Oklahoma.

Following the trial herein, the plaintiff, by letter addressed to the Court and dated July 2, 1963, which is attached hereto as Inclosure 1, abandons his position that the defendant is liable and responsible herein under the agency, joint venture or equitable ownership positions.

Plaintiff thus rests his case on the defendant being responsible on the proposition of the detour being an access road under Title 33 U.S.C. § 701r–1(b), and the proposition that the State of Oklahoma was acting as an independent contractor of the United States of America in maintaining said detour.

■ With reference to the access road proposition, the evidence in the case clearly demonstrates that this detour cannot be considered as an access road under the above mentioned provision of the United States Code. On the contrary, it appears that this detour was a part of the Oklahoma State Highway system. This detour was many miles from the dam-site. It was and still is owned by the State of Oklahoma. It was not under the supervision or control of the United States government, as the evidence clearly demonstrates that after the defendant caused gravel to be placed on said detour and gravel to be stockpiled near said detour, it had nothing further to do toward the maintenance, control or supervision of said detour at any time thereafter. The maintenance and supervision of the detour thereafter was exclusively and completely performed by the State of Oklahoma and its employees and equipment as a part of the State Highway system and not for and on behalf of or at the direction of the defendant. This detour did not afford access to the dam site nor was said detour the sole means of gaining access to any part of the work in connection with said reservoir, within the intent of said access road statute. The testimony reveals that the said agreement (Plaintiff's Exhibit 19) did not contain any of the customary provisions pertaining to the establishment of access roads as set out in the above section of the United States Code, and the course of conduct of the parties with reference to said detour negatives any supervision or responsibility on behalf of the defendant over said detour as an access road within the meaning of said statute.

Moreover, the defendant did acquire by another appropriate agreement an access road at another location miles dis-

tant which served the dam-site. It therefore appears quite clear that the language of the agreement between the defendant and the State of Oklahoma here involved does not purport to establish an access road under the provisions of Title 33 United States Code § 701r–1 (b), and furthermore the evidence does not establish that said detour was needed or was essential for the purpose of access to the Eufaula dam and reservoir project but is overwhelming to the effect that said detour constituted a part of the Oklahoma State Highway system used by the traveling public and at the time of the accident herein was owned, maintained and supervised exclusively as such by the State of Oklahoma.

▮ With reference to the new proposition presented by the plaintiff, to the effect that the State of Oklahoma was acting as an independent contractor of the United States in the maintenance of this detour, it is felt that such proposition is without merit.

Generally speaking, it is not believed that the said agreement between the defendant and the State of Oklahoma (Plaintiff's Exhibit 19) or their course of conduct under the same as shown by the evidence creates the relationship of employer-independent contractor between the United States of America and the State of Oklahoma regarding said detour, or for that matter any other feature embraced therein. See 27 Am.Jur., p. 481, Sec. 2.

In particular, the evidence reveals that said detour at the time of the accident, and even at the time of the trial, was owned by the State of Oklahoma, and not by the defendant; that before and as a detour it formed a part of the Oklahoma State Highway system; that the defendant not only had no interest as to how the State of Oklahoma would perform the maintenance of said detour as a part of the State Highway system but had no interest as to the result or workproduct of said maintenance; that the defendant had no right to exercise even the limited control existing in the employer of an independent contractor to see that the results or work product contracted for are performed in keeping with plans and specifications. See 27 Am.Jur. p. 488, Sec. 7.

The act of the defendant in furnishing the crushed rock was a part of the consideration moving from the defendant to the State of Oklahoma in connection with the Eufaula dam and reservoir project, and it did not create the relationship of employer-independent contractor. It should be noted that consideration likewise moved from the State of Oklahoma to the United States of America in connection with the Eufaula dam and reservoir project.

Under said agreement between the defendant and the State of Oklahoma, the defendant has the separate and independent responsibility to build the Eufaula dam and reservoir and the State of Oklahoma has the separate and independent responsibility to maintain its State Highway system for the traveling public. These separate responsibilities naturally conflicted, which was the reason for said agreement. But said agreement did not make either the agent of the other, nor the defendant the employer of the State of Oklahoma as an independent contractor for any purpose.

In view of the foregoing, it is not necessary for the Court to treat with the propositions advanced by the defendant that the plaintiff's driver was guilty of negligence in connection with the accident, which negligence is imputed to the plaintiff under the principles of respondeat superior, or that the plaintiff himself was guilty of contributory negligence in failing to exercise ordinary care for his own safety by observing the danger inherent upon the detour and failing to warn his driver of said danger.

It is, therefore, the judgment of the Court that the defendant herein is not liable for the damage claimed by plaintiff, and accordingly the action of plaintiff should be and the same is hereby dismissed.